IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   23-cv-01078

UNITED STATES OF AMERICA,

    Plaintiff,

v.

 KARL C. LIPPARD,

    Defendant.

## COMPLAINT

Plaintiff, the United States of America, through counsel, hereby files a complaint against Defendant, Karl Lippard, under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §3001 et seq.

### I.   Jurisdiction

1.    This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1345.

2.    Venue is proper in the District of Colorado under 28 U.S.C. §1391(b)(1)–(2) because Defendant is a resident of this judicial district and because a substantial part of the events giving rise to this claim occurred in this judicial district.

### II.   Parties

3.    Plaintiff, the United States of America, is a sovereign nation.

4. Defendant, Karl C. Lippard, is a resident of the city of Colorado Springs, El Paso County, Colorado. Defendant is not in the military service pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, as amended by the Service Members' Civil Relief Act of 2003.

### III. Factual Allegations

**A. The SBA 7(a) Loan Program**

5. The Small Business Administration (the "SBA") 7(a) Loan Program facilitates loans providing financial help for small businesses to be used for various business purposes.

6. Loans issued under the 7(a) program ("7(a) Loans"), are guaranteed by the SBA. The amount of the guarantee depends on the type of loan at issue. In the event of a default, the lender may submit a demand for purchase to the SBA. Upon approval of the demand for purchase, SBA pays the portion of the loan it has guaranteed and commences collections actions on behalf of the lender and itself. Any collected funds are distributed pro rata to the SBA and the lender, based on the percentage of the loan guaranteed by the SBA.

**B. The Note, the Guarantee, and Borrower's Default**

7. On July 3, 2013, Defendant, in his capacity as the President of Karl Lippard, Inc. (the "Borrower"), executed a promissory note (the "Note") in favor of FirstBank (the "Lender"), in exchange for a $150,000 loan (the "Debt") from Lender to Borrower, guaranteed by the SBA under the 7(a) program. A copy of the Note is attached hereto as Exhibit 1.

8. The terms of the Note set interest at 7.38% per annum and required monthly payments of principal and interest on the first day of each month beginning August 1, 2013. (Ex. 1, 2).

9. Under the terms of the Note, Borrower is in default if it fails to pay monthly payments when due. (*Id.* at 3).

10. Under the terms of the Note, when Borrower is in default, Lender, without notice or demand and without giving up any of its rights, may: require immediate payment of all amounts owing under this Note; collect all amounts owing from the Borrower or Guarantor; file suit and obtain judgment; take possession of any collateral; or sell, lease, or otherwise dispose of any collateral at public or private sale, with or without advertisement. (*Id.*).

11. The Note provides that Lender may incur expenses to collect amounts due under the Note, enforce the Note's terms, and preserve or dispose of collateral. (*Id.*). Pursuant to the Note, such expenses may include, among other things, payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs; and such expenses may be added to the principal balance. (*Id.*).

12. The Note further provides that when the SBA is the holder, the Note will be interpreted and enforced under federal law, including SBA regulations, and Borrower may not claim or assert against the SBA any local or state law to deny any obligation, defeat any claim of the SBA, or preempt federal law. (*Id.* at 4).

13. Under the Note, Lender includes its successors and assigns. (*Id.*).

3

14. Defendant is Borrower's sole owner.

15. On July 3, 2013, Defendant also executed an Unconditional Guarantee (the "Guarantee") in his personal capacity.  A copy of the Guarantee is attached hereto as Exhibit 2.

16. In executing the Guarantee, Defendant personally and unconditionally guaranteed payment to Lender of all amounts owing under the Note and agreed to pay all amounts due under the Note upon Lender's written demand on Defendant.  (Ex. 2, 1).

17. The terms of the Guarantee provide that it remains in effect until the Note is paid in full.  (*Id.*).

18. The Guarantee provides that when the SBA is the holder, the Note and the Guarantee will be interpreted and enforced under federal law, including SBA regulations, and Borrower may not claim or assert against the SBA any local or state law to deny any obligation, defeat any claim of the SBA, or preempt federal law.  (*Id.* at 2).

19. Under the Guarantee, Guarantor includes Defendant's heirs and successors, and Lender includes its successors and assigns.  (*Id.* at 3).

20. Lender disbursed $150,000 to Borrower pursuant to the Note on or about July 5, 2013.

21. Borrower made payments on the Debt as required by the Note until it did not make its June 2016 payment.

22. Borrower resumed making payments on the Debt in September 2016 but remained sixty to ninety days past due from this date until Lender received its last payment.

23. Lender received its last voluntary payment on the Debt from Borrower on May 9, 2017. Following that payment, the outstanding balance of the Debt was $85,073.09.

### C. Lender's Judgment against Borrower

24. In addition to the Note and the Guarantee, Defendant—in his capacity as President and sole owner of Borrower—executed a security agreement (the "Security Agreement") in favor of Lender on July 3, 2013, which secured collateral against the Note.

25. Following Borrower's failure to make its June 2017 payment, Lender sent Borrower and Defendant a letter on July 19, 2017, demanding that the Note be paid.[1]

26. On August 1, 2017, Lender filed a *Verified Complaint* in the District Court for El Paso County, Colorado, against Borrower (the "State Court Action").[2] *FirstBank v. Karl Lippard Inc*, No. 2017CV31878, *Verified Complaint*, 1 (Dist. Ct., Colo. Springs, Colo., August 1, 2017). A copy of the *Verified Complaint* is attached hereto as Exhibit

---

[1] In addition to the Note, Lender held other, subsequent promissory notes from Borrower that are not at issue here.

[2] Defendant, Karl C. Lippard was not named as a party in the State Court Action because he had filed as an individual for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Colorado, Case No. 17-13226-JGR.  *See* (Ex. 3, ¶ 41).  Defendant's bankruptcy case was subsequently dismissed without discharge.  In re *Karl C. Lippard et al.*, Case No. 17-13226-JGR, ECF No. 144, ¶¶ 2–3 (Bankr. D. Co. Aug. 19, 2021).

5

3. The *Verified Complaint* alleged, *inter alia*, that Borrower executed the Note and the Security Agreement, that, while Lender performed under the terms of the Note, Borrower had not performed under the terms of the Note, and that Lender was entitled to judgment against Borrower for Borrower's non-performance. (Ex. 3, ¶¶ 6–21, 37–40, 46–51, 59–66).

27. In addition to requesting a monetary judgement against Borrower, Lender also requested a judgement allowing Lender to take possession of and sell the collateral covered by the Security Agreement, (*id.* at 10), which the court subsequently ordered that Lender was entitled to do. *FirstBank*, No. 2017CV31878, *Order for Possession*, 1–2 (August 18, 2017).

28. The secured collateral was seized in September 2017 and liquidated by auction in November 2017.

29. The net recovery from Lender's liquidation of collateral was $15,947.85—a total recovery of $22,191.50, minus $6,243.65 in liquidation expenses.

30. Following the sale of collateral, the outstanding balance of the Debt was reduced from $85,073.09, its balance at the time of the earliest uncured payment default, to $69,125.24, plus interest.

31. Lender filed a *Motion for Summary Judgment* in State Court Action on February 16, 2018. A copy of the *Motion for Summary Judgment* is attached hereto as Exhibit 4. The *Motion for Summary Judgment* presented as undisputed facts, *inter alia*: that Borrower executed the Note on July 3, 2013, (Ex 4, ¶ 1); interest on the unpaid principal balance accrues 7.38% per year, (*id.* ¶ 2); the terms of the Note provide that

Borrower is in default if it does not make payment when due under the Note, (*id.* ¶ 5); the Note provides that in the event of default Lender may require immediate payment of all amounts owing under the Note, collect all amounts owing from any Borrower or Guarantor, or file suit and obtain judgment, (*id.* ¶ 6); the Note provides that Lender may incur legal expenses and add those expenses to the principal balance, (*id.* ¶ 7); Lender loaned funds to Borrower, as required by the Note, (*id.* ¶ 24); Borrower did not make payments as required under the Note, (*id.* ¶ 25); Lender suffered $76,012.61 in damages comprising principal, interest, and late fees as of February 9, 2018; (*id.* ¶ 26); and Lender incurred $52,690 in attorneys' fees and costs as of February 15, 2017, (*id.* ¶ 28).

32. In the *Motion for Summary Judgment*, Lender argued that it was entitled to $76,012.61 in damages and $52,690 in attorneys' fees and costs for breach of contract because the undisputed facts showed that: (1) Lender and Borrower entered into a valid contract; (2) Lender fully performed by issuing the payment required by the Note; (3) Borrower failed to perform by failing to make payments as required by the Note; (4) and Lender suffered damages as a result of Borrower's breach.  (Ex. 4, 9–10).

33. The court in the State Court Action granted Lender's summary judgment motion on March 16, 2018.  A copy of the *Order RE: Motion for Summary Judgment* is attached hereto as Exhibit 5.  The *Order re: Motion for Summary Judgment* states that Lender's exhibits and affidavits "clearly establish the loan agreements, the default and damages," and that Borrower failed to submit anything to contradict Lender's submitted facts and legal argument.  (Ex. 5, 1).

34. Defendant, on Borrower's behalf, submitted a letter dated March 22, 2018, to the court in the State Court Action alleging that Borrower had not been notified of Lender's motion for summary judgment. *FirstBank*, No. 2017CV31878, *Letter to Judge Schwartz dated March 22, 2018, Appeal to Judgment*, 1 (March 26, 2018). The court deemed this letter a request to reconsider its order granting summary judgment. *See FirstBank*, No. 2017CV31878, *Order re: Request to Reconsider Summary Judgment*, 1 (May 8, 2018). A copy of the *Order re: Request to Reconsider Summary Judgment* is attached hereto as Exhibit 6. The court denied Borrower's request for reconsideration and reiterated that Lender had "established the loans that were made to the [Borrower] and that those loans are in default for nonpayment. The [Borrower] has offered no reliable evidence to the contrary." (Ex. 6, 2).

35. The court in the State Court Action issued its final judgment on May 8, 2018, a copy of which is attached hereto as Exhibit 7. The final judgment in Lender's favor against Borrower on all claims awarded Lender a total judgment of $128,702.61, with interest accruing on that amount at 8% per annum from March 16, 2018. (Ex. 7). The total judgment amount comprises $69,059.89 in principal, $4652.72 in interest, $2300 in late fees, $52,022 in attorneys' fees, and $668 in costs. (*Id.*).

**D. SBA's purchase of the 7(a) Loan Guaranty and Federal Collection Efforts**

36. On December 22, 2017, FirstBank requested that the SBA purchase the 7(a) Loan Guaranty. The SBA purchased the 7(a) Loan Guaranty on February 20, 2018.

37. In purchasing the 7(a) Loan Guaranty, the SBA paid Lender $69,125.24 for the principal balance of the debt following Lender's sale of the collateral and $31,675.84 for approved legal expenses, which pursuant to the Note could be added to the principal balance, (Ex. 1, 3), for a total principal balance as of February 20, 2018, of $100,801.08.

38. The SBA referred the Debt to the U.S. Department of the Treasury (the "Treasury") for collection in July 2019, pursuant to 31 U.S.C. § 3711(g). The Treasury charges fees to recover costs associated with its debt collection services pursuant to § 3711(g)(6). Treasury fees are determined yearly by overall program costs and are not based on the collection of a specific debt, as permitted by 31 C.F.R. § 285.12(j). The Treasury fee for debts that are over two years delinquent is 32% of the principal, plus interest, penalty, and administrative costs of the referred debt.

39. The Treasury, through a contracted collection agency, attempted to collect on the Debt between August 2019 and September 2022. No collections were made, and no payments were received.

40. After Treasury was unable to collect on the Debt, the Debt was referred to the United States Department of Justice (the "DOJ") to seek a civil judgment, as authorized by 31 U.S.C. § 3711 (g)(4)(C). The DOJ charges fees of 3% of the amount collected to recover costs associated with debt collection litigation. 21st Century Department of Justice Appropriations Authorization Act, Pub. L. No. 107–273, § 11013(a), 116 Stat 1758, 1823 (2002), 28 U.S.C. § 527 [Note].

41. A copy of the Certificate of Indebtedness establishing the basis for Defendant's liability for the Debt is attached herein as Exhibit 8.

42. As reflected in the Certificate of Indebtedness, Defendant is indebted to Plaintiff in the principle amount of $100,801.08, plus interest on this principal as of March 7, 2023, in the amount of $28,819.17 and interest thereafter on the principal at the applicable note rate of 7.38% per annum until the date of judgment, plus a $28,819.17 Treasury fee and a $5,291.75 DOJ fee. (Ex. 8).

43. Plaintiff has made a demand to Defendant for the amount owed, but the amount due remains unpaid.

## COUNT I – CLAIM FOR A DEBT

44. Plaintiff incorporates by reference the allegations set forth above paragraphs 1–43.

45. The amounts set forth in paragraph 42 are a "debt" to the United States as defined in the FDCPA. 28 U.S.C. § 3002(3)(A).

46. Plaintiff is entitled to obtain a remedy in connection with Defendant's Debt to Plaintiff. 21st Century Department of Justice Appropriations Authorization Act, Pub. L. No. 107–273, § 11013(a), 116 Stat 1758, 1823 (2002), 28 U.S.C. § 527 [Note]; 28 U.S.C. § 3001(a)(2); 31 U.S.C. § 3711(g); 31 C.F.R. § 285.12(j).

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays:

    a. To recover from Defendant the principal amount of $100,801.08 plus interest on this principal computed at the applicable note rate of 7.38% in the amount of $28,819.17 as of March 7, 2023, interest thereafter on the

principal at the applicable note rate from this date until the date of judgment, and for post judgment interest at the legal rate in effect on the date of entry of judgment, to be compounded annually pursuant to 28 U.S.C. § 1961 (a)–(b), a $41,478.74 Treasury fee, and a $5,291.75 DOJ fee;

b.  That the Court award Plaintiff costs for prosecuting this action, including but not limited to, a filing fee of $402.00, as authorized by 28 U.S.C § 2412(a)(2); and

c.  That the Court grant such further and general relief as the Court deems just and proper under the law and the facts of this case.

Respectfully submitted,

COLE FINEGAN
United States Attorney

s/ William B. Gillespie
**WILLIAM B. GILLESPIE**
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
E-mail:  William.Gillespie@usdoj.gov
Counsel for plaintiff