| | |
|---|---|
| **DISTRICT COURT, EL PASO COUNTY, COLORADO**<br>Court address: **270 South Tejon St.**<br>**P.O. Box 2980**<br>**Colorado Springs, CO 80903**<br>Phone Number: **(719) 452-5365** | DATE FILED: March 16, 2018<br>CASE NUMBER: 2017CV31878 |
| FIRST BANK<br>Plaintiff<br><br>vs.<br><br>KARL LIPPARD, INC.<br>Defendant | **Court Use Only**<br>Case Number:<br>**17CV31878**<br><br>Division **5** Courtroom **S501** |
| **ORDER RE: MOTION FOR SUMMARY JUDGMENT** | |

The plaintiff has filed a Motion for Summary Judgment on its claims against the defendant that defendant has breached certain loan agreements entered into with First Bank. First Bank has attached copies of all purported loan agreements between it and the defendant, together with an affidavit from Mr. Wilson, a bank vice president, supporting the claims of breach of the loan agreements and the calculation of damages. The defendant has not filed a response to the Motion.

The standards for summary judgment are well established. **Summary judgment** is a drastic remedy appropriate only when the pleadings and supporting documents show that no genuine issue as to any material fact exists, and the moving party is entitled to summary judgment as a matter of law. *Tonko,* 154 P.3d at 402. When determining whether summary judgment is an appropriate remedy, the nonmoving party is entitled to the benefit of all favorable inferences reasonably drawn from the undisputed facts; all doubts must be resolved against the moving party. *Id.; Natural Energy Res. Co.,* 142 P.3d at 1276. The moving party bears the burden of establishing that there is no disputed material fact. A material fact is one that will affect the outcome of the case. *Peterson v. Halsted,* 829 P.wd 373, 375 (Colo. 1992). But if the moving party meets its burden, the burden shifts to the opposing party to demonstrate that there is a triable issue of fact. *City of Aurora v. ACJ P'ship,* 209 P.3d 1076, 1082 (Colo. 2009). To do so, the nonmoving party must "adequately demonstrate by relevant and specific facts that a real controversy exists." Id.

The plaintiff's exhibits and affidavits clearly establish the various loan agreements, the default and damages. The defendant has failed to submit anything to contradict the plaintiff's factual submittals and arguments. Moreover, failure to do so constitutes confession of the motion.

Rule 121 of the Colorado Rules of Civil Procedure states the following:

Section **1-15**. DETERMINATION OF MOTIONS

**1. Briefs; When Required; Time for Serving and Filing—Length.**



GOVERNMENT EXHIBIT 5

(a) Except motions during trial or where the court deems an oral motion to be appropriate, any motions involving a contested issue of law shall be supported by a recitation of legal authority incorporated into the motion except for a motion pursuant to C.R.C.P. 56. Motions or briefs in excess of 10 pages in length, exclusive of tables and appendices, are discouraged. Except for electronic filings made pursuant to Section 1-26 of this Rule, the original and one copy of all motions and briefs shall be filed with the court, and a copy served as required by law.

(b) The responding party shall have 21 days after the filing of the motion or such lesser or greater time as the court may allow in which to file a responsive brief. If a motion is filed 42 days or less before the trial date, the responding party shall have 14 days after the filing of the motion or such lesser or greater time as the court may allow in which to file a responsive brief.

**3. Effect of Failure to File Legal Authority.** If the moving party fails to incorporate legal authority into the motion or fails to file a brief with a C.R.C.P. 56 motion, the court may deem the motion abandoned and may enter an order denying the motion. **Failure of a responding party to file a responsive brief may be considered a confession of the motion.**

Conclusion:

The plaintiff has shown that material facts are not in dispute and that it is entitled to judgment as a matter of law. The defendant has failed to respond and has therefore confessed the motion. Therefore, the Plaintiff's Motion for Summary Judgment is GRANTED.

The plaintiff should tender a proposed order of Judgment.

So ordered this 16 day of MARCH 2018

BY THE COURT:

Honorable Larry E. Schwartz
District Court Judge

Cc: Chad Caby
Karl Lippard