| | |
|---|---|
| **DISTRICT COURT, EL PASO COUNTY, COLORADO**<br>Court address: **270 South Tejon St.**<br>**P.O. Box 2980**<br>**Colorado Springs, CO 80903**<br>Phone Number: **(719) 452-5365** | DATE FILED: May 8, 2018<br>CASE NUMBER: 2017CV31878 |
| **FIRSTBANK**<br>Plaintiff<br><br>vs.<br><br>KARL LIPPARD, DBA KARL LIPPARD DESIGNS, INC.<br>Defendant | **Court Use Only**<br>Case Number:<br>**17 CV 31878**<br><br>Division **5** Courtroom **S501** |
| **ORDER RE: REQUEST TO RECONSIDER SUMMARY JUDGMENT** | |

I entered summary judgment in this case on March 26, 2018. I concluded that Mr. Lippard had confessed summary judgment by not responding to the Motion for Summary Judgment that was filed on February 16, 2018. Mr. Lippard has written to the court, arguing that he never received a copy of the Plaintiff's Motion. The Plaintiff filed a Response to the defendant's letter, to which the defendant has replied. In Mr. Lippard's letters to the court he once again raises the issue of fraud, but declines to say how the plaintiff or its loan documents are fraudulent.

This case is a simple loan dispute wherein the plaintiff maintains that it loaned money to the defendant and that the loans are supported by promissory notes and security agreements. The plaintiff has filed affidavits which indicate that loans are in default for nonpayment. I previously entered an order allowing the plaintiff to retrieve collateral that was securing the loans. Mr. Lippard has filed a Chapter 13 bankruptcy. The plaintiff was granted a Relief from Stay and pursued judgment on the notes and collection of the collateral.

Mr. Lippard never filed a recognizable Answer to the Plaintiff's complaint. Rather, he sent a letter to the Court denying that the plaintiff was entitled to return of the collateral and referencing numerous defense "exhibits", which were NOT ATTACHED. The defendant accused the plaintiff and its counsel of fraud and warned of the "possible destruction of First Bank as a consequence" of the collection action. The defendant referred to "billions" of dollars of sales that were pending, including a sale to the Kingdom of Saudi Arabia in "excess of $10 billion dollars". The defendant further claimed to have emails from the President of the United States and Secretary of Defense that somehow supported his business. He further claims that he "tried to deposit $100 million dollars into (his) account while Plaintiff continues to increase liability in litigation."

While the defendant's various letters are extremely difficult to decipher, they appear to claim that First Bank's suit on the note was causing the defendant to lose the billions of dollars' worth of anticipated business. He further claimed that the action put American Lives and National Security at risk.

GOVERNMENT EXHIBIT 6

In defendant's reply to the plaintiff's response to the Request to Reconsider letter, he argued that he had proven that the documents submitted at the "replevin, show cause" were fraudulent. Quite the contrary, I found those documents submitted by the plaintiff to be authentic. At no point in this case has the defendant shown that the plaintiff or his counsel has committed fraud, or that the loan documents were false. Nor has the defendant presented any proof that there is any factual dispute to resolve.

In spite of the defendant's efforts to turn this case into an elaborate breach of contract action with international implications, wherein the bank's alleged breach has caused the defendant to lose billions of dollars in business, this is a case where in the only issues are whether there were promissory notes signed by the defendant that are now in default for nonpayment.

In its Motion for Summary Judgment and "show cause" hearing, the plaintiff has established the loans that were made to the defendant and that those loans are in default for nonpayment. The defendant has offered no reliable evidence to the contrary. The defendant's argument that he lost business due to the bank's collection action is wholly irrelevant if the bank was pursuing remedies it had under Colorado law.

I am not convinced that the defendant was unaware of the Motion for Summary Judgment. But even if he wasn't aware, he has since failed to provide any evidence whatsoever that any material facts are in dispute that would preclude judgment as a matter of law on the loans in question.

Having considered the documents filed by the defendant and the arguments he raised in various letters, I conclude that Summary Judgment was, and is, proper. The request for reconsideration is DENIED.  Further, any claims by defendant against plaintiff are dismissed.

The upcoming trial and scheduled mediation are VACATED.

So ordered this __2__ day of __MAY__ 20__18__

BY THE COURT:

Honorable Larry E. Schwartz
District Court Judge

Cc: Karl Lippard
Chad Caby
Ronald G. Crowder