# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01078-MDB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KARL C. LIPPARD,

    Defendant.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

Date of the Conference:    Thursday, August 3, 2023, at 10:00 a.m.

Counsel for Plaintiff,
United States of America:

> William B. Gillespie
> Assistant United States Attorney
> United States Attorney's Office
> 1801 California Street, Suite 1600
> Denver, CO 80202
> Telephone: 303-454-0100
> Email: william.gillepsie@usdoj.gov

Defendant Karl C. Lippard,
Appearing *pro se*:

> Karl C. Lippard
> 2544 Patriot Heights
> Colorado Springs, CO 80904
> Telephone: 719-444-0786
> Email: karl.lippard@gmail.com

### 2. STATEMENT OF JURISDICTION

This Court has jurisdiction over the above-captioned matter pursuant to 28 U.S.C. § 1345 because the above-captioned matter is a civil action commenced by the United States.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff:

    1. Claim for a Debt

        a. Defendant is indebted to Plaintiff for $176,390.74 plus additional interest accruing since March 7, 2023.

        b. The amount set forth above is a "debt" to the United States as defined in the FDCPA. 28 U.S.C. § 3002(3)(A).

        c. This debt arises from default on a promissory note securing a United States Small Business Administration 7(a) Loan to a business owned and operated by Defendant.

        d. Defendant personally guaranteed the loan by executing an unconditional guarantee for the full amount of the loan.

        e. Plaintiff is entitled to obtain a remedy in connection with Defendant's Debt to Plaintiff. 21st Century Department of Justice Appropriations Authorization Act, Pub. L. No. 107–273, § 11013(a), 116 Stat. 1758, 1823 (2002), 28 U.S.C. § 527 [Note]; 28 U.S.C. § 3001(a)(2); 31 U.S.C. § 3711(g); 31 C.F.R. § 285.12(j).

b. Defendant:

    1. FirstBank has offered to pay Defendant's debt arising from the default on the Note.

    2. The U.S. Department of the Treasury did not attempt to enforce the debt.

## 4. UNDISPUTED FACTS

The following facts are undisputed between Plaintiff and Defendant:

1. This Court has jurisdiction over this matter.

2. Venue is proper in the District of Colorado.

3. Plaintiff, the United States of America, is a sovereign nation.

4. Defendant, Karl C. Lippard, is a resident of the city of Colorado Springs, El Paso County, Colorado.

5. Defendant is not in the military service pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, as amended by the Service Members' Civil Relief Act of 2003.

6. On July 3, 2013, Defendant, in his capacity as the President of Karl Lippard, Inc. (the "Borrower"), executed a promissory note (the "Note") in favor of FirstBank (the "Lender"), in exchange for a $150,000 loan (the "Loan") from Lender to Borrower, guaranteed by the United States Small Business Administration (the "SBA") under the 7(a) program.

7. On July 3, 2013, Defendant also executed an Unconditional Guarantee (the "Guarantee") in his personal capacity.

8. In executing the Guarantee, Defendant personally and unconditionally guaranteed payment to Lender of all amounts owing under the Note and agreed to pay all amounts due under the Note upon Lender's written demand on Defendant.

9. The terms of the Guarantee provide that it remains in effect until the Note is paid in full.

10. Lender disbursed $150,000 to Borrower pursuant to the Note on or about July 5, 2013.

11.    Lender received its last voluntary payment on the Loan from Borrower on May 9, 2017.

12.    Following Borrower's failure to make its June 2017 payment, Lender sent Borrower and Defendant a letter on July 19, 2017, demanding that the Note be paid.

13.    On August 1, 2017, Lender filed a *Verified Complaint* in the District Court for El Paso County, Colorado, against Borrower (the "State Court Action"). A true copy of that complaint is filed in this case at ECF No. 1-5.

14.    On May 8, 2018, the court in the State Court Action issued its final judgment in Lender's favor against Borrower on all claims, awarding Lender a judgment comprising $69,059.89 in principal, $4652.72 in interest, $2300 in late fees, $52,022 in attorneys' fees, and $668 in costs, with interest accruing on that amount at 8% per annum from March 16, 2018. A true copy of that final judgment is filed in this case at ECF No. 1-9.

15.    The SBA purchased the 7(a) Loan Guaranty from Lender on February 20, 2018.

16.    The SBA paid Lender $69,125.24 for the principal balance of the Loan and $31,675.84 for approved legal expenses, which pursuant to the Note were added to the principal balance for a total principal balance as of February 20, 2018, of $100,801.08 (the "Debt").

17.    The SBA referred the Debt to the U.S. Department of the Treasury (the "Treasury") for collection in July 2019.

18.    The Treasury assessed a fee of 32% of the principal, plus interest, penalty, and administrative costs of the referred Debt.[1]

---

[1] Defendant disputes the validity of this assessment, though not that the Treasury did assess it.

19. The Treasury referred the Debt to the United States Department of Justice (the "DOJ") in the fall of 2022 to seek a civil judgment.

20. The DOJ assessed a fee of 3% of the principal, plus interest, penalty, and administrative costs of the referred Debt.

21. Defendant is indebted to Plaintiff in the principal amount of $100,801.08, plus interest on this principal as of March 7, 2023, in the amount of $28,819.17 and interest thereafter on the principal at the applicable note rate of 7.38% per annum until the date of judgment.

22. Defendant is also indebted to Plaintiff for a $5,291.75 DOJ fee.

## 5. COMPUTATION OF DAMAGES

Claimed by Plaintiff:

1. Claim for a Debt.

- The principal amount of $100,801.08 is the amount paid by SBA to Lender when SBA purchased the 7(a) Loan Guaranty. The $100,801.08 comprises
    - The unpaid principal balance of the Loan, $69,125.24, and
    - Approved legal expenses of $31,675.84 incurred by Lender to partially recoup the Loan, which were added to the principal amount pursuant to the Note.
- The amount of interest listed in the complaint, $28,819.17 as of March 7, 2023, is the amount of interest that had accrued on the outstanding principal balance at the note rate of 7.38% per annum as of March 7, 2023.
- Between March 7, 2023, and July 1, 2023, a further $1,181.03 in interest has accrued.

- Interest is still accruing at the note rate of 7.38% per annum ($20.38 per day), and it will continue to accrue at that rate until the date of judgment.
- The Treasury fee of $41,478.74 is a fee charged by the Bureau of the Fiscal Service, Debt Management Services, within the United States Department of the Treasury, to recover costs associated with its debt collection services pursuant to 31 U.S.C. § 3711(g)(6), 31 C.F.R. §§ 285.12(j), 901.1(f).
- The DOJ Fee of $5,291.75 DOJ is a fee charged by the United States Department of Justice to recover costs associated with debt collection litigation pursuant to the 21st Century Department of Justice Appropriations Authorization Act, Pub. L. No. 107–273, § 11013(a), 116 Stat 1758, 1823 (2002), 28 U.S.C. § 527 [Note].
- The total amount due as of August 1, 2023, will be $178,203.55.

Claimed by Defendant:

- The Defendant denies the Treasury assess fees of $41,478.74 for cause. No work effort can be proven. The Defendant has never been contacted concerning any billing or claim denying the Defendant the opportunity to settle the case wherein the loan facilitator has offered to pay the claim in full since May 2018 of $128,702.61.
- The Defendant denies any legal fees generated by FirstBank in claim as they have offered to pay those fees since May 2018.
- The Defendant denies add-on interest of $28,819.17 because no effort was provided in the form of any bill or claim by SBA or FirstBank in which to pay.

FirstBank offered to pay the outstanding balance of $128,702.61 since May of 2018 and any interest added on should never had been generated.

- Defendant claims that FirstBank denied payment opportunities given by the Defendant in the form of a Cash Backed Letter of Credit in the amount on $1 billion dollars. Exhibit 1. In part shows efforts denied by FirstBank to pay the $88,000.00 note. Such activity has brought treason and other felony offences to this court.

- FirstBank allegedly conspired to further block payment to SBA involving two other banks where the amount wired was 224 billion Euros. Such activity raises questions for this court to answer as the SBA was clearly being used to take possession of **$392,236.00 of inventory, and patents valued by said loan and other documents to be in excess of $270 billion. The defendant claims damages** of the full amount declared by SBA, plus any fees and interest to FirstBank.

- Defendant further claims losses in income of commissions of 6% on $1 billion Cash Back Letter of Credit of $60 million. Cash Backed to guarantee and loan placed with FirstBank and Wells Fargo. While promised to fund under federal law **did not refuse** to fund in writing. But rather chose to extend with promises, but never denied loan applications, thus allowed payments such as keyman life insurance to be made to secure said loan(s). Paid out by wire transfer from Karl Lippard personally via FirstBank/Wells Fargo (a BlackRock bank) thereby

knowingly misleading the Defendant until depletion of capital available to pay off the SBA could not be raised in time to prevent default.

- Defendant claims a tax loss for the IRS on income tax from commissions in 2016-17 on $1 billion Cash Backed Letter of Credit to be $18 million.

- Defendant claims losses of personal income from 224 billion Euros ($270 billion) of 6%. $16.2 billion. ( Sixteen billion two hundred million dollars) The transfer of funds blocked and in the hands of FirstBank, Wells Fargo and UBS Ag banks. Thus preventing payment of SBA loan debt.

- Defendant claims a personal loss of taxation to the IRS on income in commissions of $4.86 billion. (Four Billion Eight Hundred Sixty Million Dollars)

- Defendant further claims this cabal of illegal activity hoodwinked the SBA, and profited in inventory surrendered, and attempted to gain patents valued in excess of $270 billion. It knowingly blocked the supply of 50 Navy Destroyers, blocked repair to the national power grid and introduction of domestic supplied electricity nationwide; blocked needed arms and ammunition for our military; during War. The defendant claims losses to the United States by way of $69,000.00 due the SBA note called has injured every citizen of the United States. While repairs are still being attempted outside the United States, the Defendant calculates a reserved loss to the nation of $1.8 trillion. Revenue

projection for the Power Grid (Project Nancy) alore once stable, to be $4 trillion annually.

- Defendant further claims that the SBA claim if allowed paid by FirstBank does not prevent further blockage in this case. The Defendant claims such blockage has prevented any lending to satisfy the SBA claim. For any amount. Further evidenced by all major public banks highlighted in Red provided to the Court in disclosure of Vanguard/Blackrock activity, have al been convicted and fined many times of criminal and felon activity in the many billions of dollars. Notably all major banks and finance service companies have all been fined by DOJ making the blockage complete for the Defendant and his company. The SBA and its association with these banks listed without a lending warning thus guarantees that others can be ruined and blocked from payment in the same fashion.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting.

July 17, 2023

b. Names of each participant and party he/she represented.

William B. Gillespie, counsel for the United States of America

Karl C. Lippard, *pro se*

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Plaintiff will make its 26(a)(1) disclosures on or before August 2, 2023.

9

Defendant will make its 26(a)(1) disclosures on or before August 2, 2023.

    d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

The Parties stipulate to a five-day extension to the timing requirement under Rule 26(a)(1), up to and including August 2, 2023, to allow the parties to consider Mr. Lippard's Answer, which is due on August 1, 2023.

    e. Statement concerning any agreements to conduct informal discovery:

Plaintiff and Defendant have agreed to conduct formal and informal discovery in a manner that will expedite discovery, including the exchange of documents outside of formal discovery.

    f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties agree to cooperate in order to reduce the costs of litigation and expedite the just disposition of the case.

    g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties do not anticipate that this case will involve extensive electronically stored information. For electronically stored information, the parties agree to cooperate in determining the scope, methodology and potential search terms to identify relevant electronically stored information. Some discovery will involve information stored and maintained in electronic form, such as documents and notices stored in electronic form. The parties agree to discuss a plan for providing electronically stored information through suitable media storage devices and formats.

 h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties are engaged in settlement discussions and believe that prompt settlement and resolution are possible in this case.

## 7. CONSENT

All parties have consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

 a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The parties agree that no more than one deposition per party is necessary given the nature and circumstances of this case. The parties agree that each party may serve on the other party 10 interrogatories.

 b. Limitations which any party proposes on the length of depositions.

The parties agree that no deposition should require more than 4 hours on one day to complete given the nature and circumstances of this case.

 c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

The parties agree that each party may serve on the other party 10 requests for production of documents and 10 requests for admission.

 d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

The parties agree to serve interrogatories, requests for production, and requests for admission on the opposing *pro se* party or counsel on a schedule that allows for timely responses on or before the discovery cut-off date OR at least 33 days prior to the discovery cut-off date, which is January 30, 2024.

11

e.  Other Planning or Discovery Orders

None.

## 9. CASE PLAN AND SCHEDULE

a.  Deadline for Joinder of Parties and Amendment of Pleadings:

September 18, 2023 (45 days after the date of the scheduling conference)

b.  Discovery Cut-off:

January 30, 2024

c.  Dispositive Motion Deadline:

March 1, 2024

d.  Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any.

   Plaintiff: None.

   Defendant: None.

2. Limitations which the parties propose on the use or number of expert witnesses.

   The parties agree to one expert per party without leave of court.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 2, 2023.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 1, 2023.

12

    e.    Identification of Persons to Be Deposed:

| Person to be Deposed | Date of Deposition | Time of Deposition | Length of Deposition |
|---|---|---|---|
| Karl C. Lippard | TBD | TBD | 4 hrs. |
| TBD | TBD | TBD | 4 hrs. |

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

_____.

b. A final pretrial conference will be held in this case on _____ at o'clock ____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b. Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate a one-day trial by jury.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Avenue, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

13

The parties agree that all proceedings would be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Avenue, Colorado Springs, Colorado 80903-3476.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of August 2023.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge

APPROVED:

*William B. Gillespie*
William B. Gillespie
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Attorney for Plaintiff

*Karl C. Lippard*
Karl C. Lippard
2544 Patriot Heights
Colorado Springs, CO 80904
Telephone: 719-444-0786

14