**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-cv-01078-MDB

UNITED STATES OF AMERICA,

Plaintiff,

v.

KARL C. LIPPARD,

Defendant.

---

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S *MOTION TO DISMISS* (DOC. NO. 11)

---

Plaintiff, the United States of America, through United States Attorney Cole Finegan and Assistant United States Attorney William B. Gillespie, requests that the Court deny Defendant's *Motion to Dismiss* (Doc. No. 11) (the "Motion"). Plaintiff respectfully submits that the Court should not grant the Motion because, as set forth more fully below, none of the defenses listed in Rule 12(b) of the Federal Rules of Civil Procedure apply to the facts of the above-captioned civil action.

**Facts**

1. Plaintiff filed its complaint (the "Complaint") alleging that Defendant is liable to Plaintiff in the amount of $176,390.74 as of March 7, 2023, plus additional interest on the principal amount, and post-judgment interest on the judgment amount after judgment. *See* (Doc. No. 1, 10–11).

2. As set forth in the Complaint, Defendant's company, Karl Lippard, Inc., signed a promissory note (the "Note") promising to repay FirstBank plus interest of 7.38% per annum for

a $150,000 loan (the "Loan") issued by FirstBank and guaranteed by the United States Small Business Administration (the "SBA") under the SBA's 7(a) loan program. (*Id.* ¶¶ 7–8). Per the Note, reasonable attorney's fees and costs incurred to collect amounts due under the Note, could be added to the principal balance due under the Note. (*Id.* ¶ 11).

3. Defendant signed an unconditional guarantee, unconditionally guaranteeing payment of all amounts owing under the Note to FirstBank or, if the debt were assigned to the SBA, to the SBA. (*Id.* ¶¶ 15–16, 19).

4. Karl Lippard, Inc. defaulted on the Loan, and FirstBank sued Karl Lippard, Inc. in Colorado state court.[1] (*Id.* ¶ 26). FirstBank obtained a judgment against Karl Lippard, Inc. for $128,702.61, with interest accruing on that amount at 8% per annum from March 16, 2018. (*Id.* ¶ 35). The state-court judgment amount comprises $69,059.89 in principal, $4652.72 in interest, $2300 in late fees, $52,022 in attorneys' fees, and $668 in costs. (*Id.*).

5. At FirstBank's request, the SBA purchased its 7(a) Loan Guaranty on February 20, 2018. (*Id.* ¶36). The SBA paid FirstBank $100,801.08—$69,125.24 for the principal balance of the Loan and $31,675.84 for approved legal expenses.

6. As a consequence of the SBA purchasing the 7(a) Loan Guaranty, FirstBank assigned the Note, the Guarantee, and its judgment against Karl Lippard, Inc. to the SBA. (Exhibit 9, FirstBank Assignment to SBA).[2]

---

[1] Defendant was not a party to the suit because he had declared bankruptcy and no civil action could be brought against him during the automatic bankruptcy stay. Defendant's bankruptcy petition was later dismissed. (Doc. No. 1, 5 n.2).

[2] That SBA purchased the Loan under the 7(a) Guarantee in February 2018, but the Assignment and Addendum was not executed until February 2023 appears to have been an oversight by the SBA and FirstBank.

7. SBA referred the debt to the United States Department of the Treasury ("Treasury") to attempt administrative collection of the debt. Treasury assessed a fee of $41,478.74 (32% of the principal, plus interest, penalty, and administrative costs of the referred debt) to recover costs associated with the cost of Treasury's collection efforts.

8. Treasury was unable to collect the debt and referred the debt to the United States Department of Justice ("DOJ"). DOJ assessed a fee of $5,291.75 (3% of the amount to be collected) to recover costs associated with debt collection litigation.

9. Defendant filed the Motion on July 17, 2023. (Doc. No. 11). The Motion does not cite a basis under Rule 12(b) of the Federal Rules of Civil Procedure to dismiss this case. (*Id.*). Rather, the Motion asserts that the case should be dismissed because FirstBank has offered to pay the $128,702.61 judgment it obtained against Karl Lippard, Inc. (Doc. No. 11, 1, 4). The Motion also accuses several entities of various crimes.[3] (*Id.*).

10. In support of the assertion that FirstBank has offered to pay the $128,702.61 judgment it obtained against Karl Lippard, Inc., what appears to be part of an email chain between Defendant and an attorney for FirstBank is attached to the Motion. (*Id.* at 7–8). The chain however does not show that an agreement was reached between FirstBank and Mr. Lippard. (*Id.*). Rather, it shows that FirstBank was willing to renew an earlier offer whereby it would agree to forbear its collection of its judgment against Karl Lippard, Inc. if Defendant agreed to not appeal the judgment against Karl Lippard, Inc. and to release any and all claims against FirstBank.[4] (*Id.*).

---

[3] Undersigned counsel has suggested that Defendant report any crimes he believes have been committed to a local, state, or federal law enforcement agency.

[4] It appears that FirstBank's counsel was unaware that FirstBank had already assigned its judgment against Karl Lippard, Inc. to Plaintiff.

11. It is undisputed that the Court has jurisdiction over this matter and that venue is proper in the District of Colorado. (Doc. No. 12, 3).

**Argument**

The Motion should be denied because Defendant has not set forth a cognizable reason to dismiss the Complaint. Rule 12(b) of the Federal Rules of Civil Procedure sets forth the defenses which may be raised by motion before a responsive pleading is filed. Fed. R. Civ. P. 12(b). Defendant does not assert any of the defenses listed in Rule 12(b), and none of those defenses apply to the facts of the above-captioned civil action.

**I. The defenses listed at Rule 12(b)(1)–(5) do not apply to the facts of this civil action.**

A review of the Complaint and other documents in the record establishes that the defenses listed at Rule 12(b)(1)–(5) do not apply to the facts of this civil action.

Rule 12(b)(1) does not apply to the facts of this case. The Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1345 because this civil action was brought by the United States. 28 U.S.C. § 1345; Fed. R. Civ. P. 12(b)(1).

Rule 12(b)(2) does not apply to the facts of this case. The Court has personal jurisdiction over the parties because Defendant resides within this judicial district. *See Milliken v. Meyer*, 311 U.S. 457, 462 (1940); Fed. R. Civ. P. 4(k); Fed. R. Civ. P. 12(b)(2). Moreover, the parties agree that the Court has personal jurisdiction over them. *See* (Doc. No. 12, 3).

Rule 12(b)(3) does not apply to the facts of this case. Venue is proper under 28 U.S.C. §1391(b)(1)–(2) because Defendant is a resident of this judicial district and because a substantial part of the events giving rise to this claim occurred in this judicial district. 28 U.S.C. § 1391(b)(1)–(2); Fed. R. Civ. P. 12(b)(1).

Neither Rule 12(b)(4) nor Rule 12(b)(5) apply to the facts of this case. Process was sufficient because the Summons complied with Rule 4(a), (Doc. No. 3, 1), and Plaintiff sent a

copy of the Summons and the Complaint to Defendant along with a Rule 4(d)(1) notice and request asking Defendant to waive service, *see* (Doc. No. 5), and service was sufficient because Defendant waived service, (*id.*).

## II. The Complaint states a claim upon which relief can be granted.

The sixth defense listed in Rule 12(b) is "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A motion to dismiss should not be granted unless it appears beyond doubt that the plaintiff could prove no set of facts supporting [its] claim which would entitle [it] to relief. *Huxall v. First State Bank*, 842 F.2d 249, 251 (10th Cir. 1988).

> To recover on a promissory note the government must first make a prima facie showing that (1) the defendant signed it, (2) the government is the present owner or holder and (3) the note is in default (*United States v. MacDonald*, No. 93–1924, 1994 WL 194248, at *2 (6th Cir. May 16, 1994) (per curiam) [sic]; *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir.2001)). For that purpose the government may introduce evidence of the note and a sworn transcript of the account or certificate of indebtedness (*United States v. Davis*, 28 [F.] App['x] 502, 503 (6th Cir.2002)). Once such a prima facie case is established, defendant has the burden of proving the nonexistence, extinguishment or variance in payment of the obligation (*Id.*).

*United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009); *see also United States v. Stock Asylum LLC*, No. 14-cv-1979-WJM-NYW, 2015 WL 638200, at *2 (D. Colo. Feb. 13, 2015) (finding that the defendant had incurred a debt when he had signed a promissory note on behalf of his company for an SBA-guaranteed loan and signed an unconditional guaranty on the loan in his individual capacity, finding that the defendant had defaulted on his obligation to pay, and finding on those facts that the United States had proven it was entitled to judgment in its favor on its Federal Debt Collection Procedures Act claim).

Treasury is required to assess fees to cover the cost of processing and handling a delinquent claim. *United States v. Konczak*, No. 14-cv-0673-CBS, 2015 WL 4607663, at *3 (D. Colo. Aug. 3, 2015) (quoting 31 U.S.C. § 3717(e)(1)) ("The head of an executive, judicial, or

legislative agency shall assess on a claim owed by a person—(1) a charge to cover the cost of processing and handling a delinquent claim.").

> Any agency operating a debt collection center to which nontax claims are referred or transferred under this subsection may charge a fee sufficient to cover the full cost of implementing this subsection. The agency transferring or referring the nontax claim shall be charged the fee, and the agency charging the fee shall collect such fee by retaining the amount of the fee from amounts collected pursuant to this subsection.

*Id.* (quoting 31 U.S.C. § 3711(g)(6)). "Fiscal Service and other debt collection centers (as defined in paragraph (a) of this section) may charge fees sufficient to cover the full cost of providing debt collection services authorized by this section." *Id.* (quoting 31 C.F.R. § 285.12(j)). "Agencies shall assess administrative costs incurred for processing and handling delinquent debts. The calculation of administrative costs should be based on actual costs incurred or upon estimated costs as determined by the assessing agency." 31 C.F.R. § 901.9(c). The fee Treasury assesses varies from year to year based on costs incurred, but for the year the Debt was referred to Treasury, the fee was 32% of the principal, plus interest, penalty, and administrative costs of the referred debt if the debt was over two years delinquent.

DOJ credits, as an offsetting collection, 3% of all amounts collected pursuant to civil debt collection litigation activities of the Department of Justice. These funds are credited to the Department of Justice Working Capital Fund, which pays the costs of processing and tracking civil and criminal debt collection litigation. *Id.* (alteration in original) (quoting 21st Century Department of Justice Appropriations Authorization Act, Pub. L. 107-273, Div. C, Title I, § 11013(a), Nov. 2, 2002, 116 Stat. 1823, Title 28 U.S.C. § 527 [Note]) ("Notwithstanding section 3302 of title 31, United States Code, or any other statute affecting the crediting of collections, the Attorney General may credit, as an offsetting collection, to the Department of Justice Working Capital Fund up to 3 percent of all amounts collected pursuant to civil debt

collection litigation activities of the Department of Justice. Such amounts in the Working Capital Fund shall . . . be used first, for paying the costs of processing and tracking civil and criminal debt-collection litigation, and, thereafter, for financial systems and for debt-collection-related personnel, administrative, and litigation expenses.”).

When deciding a motion to dismiss, courts “must take the allegations of the complaint at face value and must construe them most favorably to the pleader.” *Id.* at 250–51. Accepting Plaintiff's allegations as true:

(1) Defendant unconditionally guaranteed payment of all amounts due under the Note securing the Loan;

(2) Karl Lippard, Inc. defaulted on the Loan;

(3) FirstBank sued Karl Lippard, Inc. to obtain a judgment on the Loan;

(4) Judgment for $128,702.61—$69,125.24 for $4652.72 in interest, $2300 in late fees, $52,022 in attorneys' fees, and $668 in costs—on the defaulted Loan was entered against Karl Lippard, Inc. in favor of FirstBank;

(5) FirstBank applied to the SBA for the SBA to purchase the Loan under the 7(a) loan program;

(6) SBA approved the purchase and paid FirstBank $100,801.08—$69,125.24 for the principal balance of the Loan and $31,675.84 for approved legal expenses;

(7) FirstBank assigned the Loan (including the Note and the Guarantee) and the judgment against Karl Lippard, Inc. to SBA;

(8) Interest continues to accrue on the $100,801.08 at the Note rate of 7.38% per annum.

(9) SBA referred the amounts due under the Loan (collectively with interest and fees charged by the government, the "Debt") to the United States Department of the Treasury to attempt administrative collection of the Debt;

(10) Treasury assessed a $41,478.74 Treasury fee to recover costs associated with its collection efforts;

(11) Treasury was unable to collect the Debt, and referred it to DOJ for debt collection litigation;

(12) DOJ assessed a $5,291.75 DOJ fee to recover costs associated with debt collection litigation.

(13) Plaintiff has not received payment on the Debt.

Taking the above alleged facts as true, Defendant is liable to Plaintiff for the full amount of the Debt because (1) Defendant incurred the Debt when he signed the Note on behalf of Karl Lippard, Inc. and signed the Guarantee in his individual capacity (2) Defendant had defaulted on his obligation to pay the Debt, and (3) Plaintiff currently holds the Note and the Guarantee. Taking the alleged facts as true, Plaintiff has proven it is entitled to judgment in its favor on its Federal Debt Collection Procedures Act claim. Moreover, because the Debt had been delinquent for over two years, Treasury added a 32% Treasury fee. When Treasury referred the Debt to DOJ, it added the 3% DOJ fee.

## III. FirstBank is not an indispensable party under Rule 19 of the Federal Rules of Civil Procedure.

The last defense listed in Rule 12(b) is "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Rule 19 of the Federal Rules of Civil Procedure provides that an indispensable party is:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction[ that] must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1); *see also Williams v. Pac. Royalty Co.*, 247 F.2d 672, 675 (10th Cir. 1957) ("An indispensable party is generally said to be one who not only has an interest in the subject matter of the litigation, but such an interest that a final decree cannot be made without affecting that interest or leaving the controversy in such a condition that its final determination would not be consistent with equity and good conscience."). Further, if an indispensable party cannot be joined,

> [T]he court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
> > (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> >
> > (2) the extent to which any prejudice could be lessened or avoided by:
> >
> > > (A) protective provisions in the judgment;
> > >
> > > (B) shaping the relief; or
> > >
> > > (C) other measures;
> >
> > (3) whether a judgment rendered in the person's absence would be adequate; and
> >
> > (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). However, the intent of Rule 19 is to avoid dismissal whenever possible. *Francis Oil & Gas, Inc. v. Exxon Corp.*, 661 F.2d 873, 879 (10th Cir. 1981); *see* Fed. R. Civ.

P. 1 ("These rules . . .. should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

FirstBank is not an indispensable party. FirstBank assigned the Loan and its judgment against Karl Lippard Inc. to SBA, and consequently it no longer has a right to collect on that judgment or to collect the amount owed pursuant to the Note or the Guarantee against Defendant. Accordingly, no interest of FirstBank's will be affected by the outcome of this civil action. The Court can accord complete relief among existing parties without its joinder, and because FirstBank no longer has an interest in the Loan, a judgment in this civil action will not "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *See* Fed. R. Civ. P. 19(a)(1).

In any event, a judgment rendered in this civil action without FirstBank joined as party would not prejudice FirstBank, Plaintiff, or Defendant. FirstBank had an interest in the Loan, however it asked SBA to pay the 7(a) guarantee, which SBA did in February 2018. In so doing, FirstBank agreed to assign its interest in the Loan to SBA, which it subsequently did via the Assignment and addendum attached herein as Exhibit 9. Accordingly, FirstBank has no interest in the Loan which a judgment in this civil action would impair, or which FirstBank could seek to enforce despite a judgment having been entered in this civil action. Moreover, the offer that FirstBank's counsel made to forbear collecting on its judgment against Karl Lippard, Inc., after FirstBank had already assigned that judgment to Plaintiff, cannot bind Plaintiff because FirstBank no longer had any right to make such a promise after it had assigned that judgment.

Lastly, any claims that Defendant may have against FirstBank, or others, as alleged in the Motion are not so bound to the questions whether Defendant incurred the Debt and whether

Defendant defaulted on his obligation to pay the Debt that those claims need to be resolved in this civil action; any such claims will be equally justiciable in a separate civil action between Defendant and those parties.

**Conclusion**

Defendant does not assert any of the defenses listed in Rule 12(b), and in any event, none of those defenses apply to the facts of the above-captioned civil action. The defenses listed at Rule 12(b) do not apply to the facts of this civil action because (1) the Court has subject matter jurisdiction over this action, (2) the Court has personal jurisdiction over the parties, (3) venue is proper in this judicial district, (4) process was sufficient, (5) Defendant waived service of the summons, (6) the Complaint states a claim upon which relief can be granted, and (7) FirstBank is not an indispensable party under Rule 19 of the Federal Rules of Civil Procedure. Accordingly, the Motion should be denied.

COLE FINEGAN

United States Attorney

BY: s/ William B. Gillespie
William B. Gillespie
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: 303-454-0100
Email: william.gillespie@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of August 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system and true copies were mailed via regular mail to:

Karl Lippard
2544 Patriot Heights
Colorado Springs, CO 80904

s/ Carolyn Dean
Financial Litigation Unit